**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 1, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL W. STRAND; CARI ALLEN,

  Plaintiffs–Appellants,

v.

GLEN R. DAWSON,

  Defendant–Appellee.

No.12-4012
(D.C. No. 1:11-CV-00077-CW)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **McKAY,** and **HOLMES**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered

submitted without oral argument.

Plaintiffs appeal from the district court's dismissal of their pro se § 1983 complaint

against a Utah state court judge who allegedly violated their constitutional rights when he

refused to recuse himself in a pending state court eviction action involving Plaintiffs. The

magistrate judge recommended dismissal of the complaint based on both judicial

immunity and *Younger* abstention, *see Younger v. Harris*, 401 U.S. 37 (1971), and the

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court agreed.

Nothing in Plaintiffs' brief or the record on appeal persuades us there was any error in the magistrate judge's analysis of the doctrines of judicial immunity and *Younger* abstention. Whatever the merits of the underlying recusal issue, Plaintiffs may not challenge it through a federal § 1983 action against the state court judge. Therefore, for substantially the same reasons given by the magistrate judge and district court, we **AFFIRM** the dismissal of Plaintiffs' § 1983 complaint.

Entered for the Court


Monroe G. McKay
Circuit Judge